| | |
|---|---|
| **HASSAN AND CHADI MARROUCHE** On behalf of their minor daughter, S.M. <br><br> Plaintiffs, <br><br> v. <br><br> **JEFFERSON PARISH SCHOOL BOARD, ACE AMERICAN INSURANCE COMPANY, DR. JAMES GRAY,** individually and in his official capacity as Superintendent of Jefferson Parish Schools, **PHABION WOODARD** <br><br> Defendant. | **CIVIL NO. 24-cv-1206** <br><br><br> **SECTION:** <br><br><br> **JUDGE:** <br><br><br><br><br><br> **MAGISTRATE:** |

<u>**COMPLAINT AND**</u>
<u>**REQUEST FOR JURY TRIAL**</u>

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **HASSAN AND CHADI MARROUCHE, on behalf of their minor daughter, S.M.** (hereinafter "S.M.") who bring this action against **JEFFERSON PARISH SCHOOL BOARD** (hereinafter "**JPSB**"), **ACE AMERICAN INSURANCE COMPANY** ("ACE"), **DR. JAMES GRAY, individually and in his official capacity as Superintendent of Jefferson Parish Schools** ("Superintendent Gray"), and **PHABION WOODARD** ("Woodard") and respectfully alleges as follows:

## INTRODUCTION

1. This lawsuit seeks to restrain the sex discrimination, negligent hiring, and negligent supervision perpetuated by Defendants and obtain monetary relief and other damages for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., and Louisiana laws prohibiting the negligent hiring and supervision of schoolteachers. As alleged with more particularity below, S.M. was sexually assaulted by the Defendant teacher in a classroom at Riverdale High School during school hours.

## THE PARTIES

2. Plaintiffs, **HASSAN AND CHADI MARROUCHE, on behalf of S.M.**, are the married parents of minor S.M., domiciled in the Parish of Jefferson, State of Louisiana.

3. Defendant, **JEFFERSON PARISH SCHOOL BOARD,** ("JPSB") is a political subdivision which can sue and be sued as a corporate body pursuant to the Constitution of Louisiana, Art. VIII, Sec. 9; La. Rev. Stat. § 17:51. Riverdale High School is a public school within the district of JPSB and is a recipient of federal funds under Title IX, 20 U.S.C. §§ 1681-1688.

4. **ACE AMERICAN INSURANCE COMPANY**, ("ACE") upon information and belief, is the general liability insurer of Jefferson Parish School Board and a foreign insurer, authorized to do and doing business in the State of Louisiana whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

5. **Dr. JAMES GRAY**, ("Superintendent Gray") individually and officially in his capacity as Superintendent of the Jefferson Parish School System. Upon information and belief, Superintendent Gray is of the age of majority and is domiciled in the Parish of Jefferson, State of Louisiana.

6. **PHABION WOODARD,** ("Woodard") individually and in his capacity as a teacher at Riverdale High School, upon information and belief, an individual of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681-1688. Plaintiffs also invoke supplemental jurisdiction of this court over Plaintiff's state law claims against Defendants pursuant to 28 U.S.C. § 1367, as the common law claims form part of the same case or controversy arising from violations of Louisiana statutes.

8. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1391(b)(2) as one or more of the alleged unlawful acts were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## FACTS

9. In August 2023, S.M. started her junior year of high school at Riverdale High School.

10. At the same time, Woodard was in his first year of teaching and coaching at Riverdale High School.

11. Woodard had no prior teaching experience and no teaching undergraduate degree.

12. Woodard was tasked with teaching sociology and was an assistant football coach.

13. Woodard was S.M.'s sociology teacher.

14. Woodard began direct messaging S.M. on social media, particularly the Instagram application.

15. Woodard continued to message graphic and lude direct messages and photographs to S.M. through the Instagram application.

16. In December 2023, Woodard called S.M. out of one of her classes and brought her alone to his classroom. Therein, he kissed S.M. on her mouth without consent and rubbed his clothed genital area on S.M.'s person without her consent.

17. The sexual assault occurred during school hours in a classroom on school property.

18. S.M. did not promptly report the sexually harassing messages or sexual assault out of fear and shame.

19. In January 2024, S.M. confided in her best friend of the messages and sexual assault. S.M.'s best friend told her mother, who reported the sexual assault and harassing messages to school officials.

20. On January 29, 2024, Woodard was arrested and booked for molestation and indecent behavior with a juvenile.

21. S.M. continues to attend class at Riverdale High School where she struggles academically, socially, and physically as a result of the sexual assault, and she is bullied by her peers in a form of harassment that is so severe, pervasive, and offensive that is deprives her of a safe learning environment.

22. JPSB and Superintendent Gray knew or should have known of Woodard's unfitness for employment in a school setting and failed to use reasonable care in the hiring process.

23. The failure to use reasonable care in the hiring process resulted in a foreseeable risk of harm to students at Riverdale High School and did result in harm to S.M.

24. JPSB knew or should have known about the sex based harassment occurring at Riverdale High School and either failed to respond at all or failed to respond appropriately and adequately to the harassment.

25. The sexual assault and harassment perpetuated against S.M. by a JPSB employee was so severe, pervasive, and objectively offensive that it denied S.M. equal access to the school's education program and created a hostile environment.

## COUNT ONE

**Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 - 1688**

26. Plaintiffs repeat and reallege paragraphs 1 through 23, as if fully set forth herein.

27. Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 (a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or

activity receiving Federal financial assistance." Riverdale High School, at all relevant times hereto, received Federal financial assistance and was subject to Title IX.

28. Sexual harassment of students is one form of discrimination on the basis of sex prohibited by Title IX. *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999).

29. In failing to properly develop and follow a hiring process involving reasonable care to prevent sexual harassment and assault, JPSB was unreasonable and its negligent and unreasonable conduct resulted in harm to and the interference with S.M.'s education.

30. Defendant Woodard, in a position of authority over S.M. as a teacher, intentionally and repeatedly sexually harassed and physically assaulted S.M., subjecting her to severe, pervasive, and persistent harassment and at least one occasion of unwanted touching.

31. Defendants JPSB and Superintendent Gray knew or should have known of Defendant Woodard's propensity for harassment and knew or should have known of the harassment and misconduct by Defendant Woodard toward S.M.

32. As a result of the actions of Woodard, JPSB, and Superintendent Gray, S.M. suffered and continues to suffer physical and mental damages.

**Negligent Hiring, Retention, and Supervision in Violation of Louisiana Civil Code article 2315, 2317, and 2320**

33. Plaintiffs repeat and reallege paragraphs 1 through 32, as if fully set forth herein.

34. Louisiana Civil Code article 2315 provides "Every act whatever of man that causes damage to another causes him by whose fault it happened to repair it."

35. Louisiana Civil Code article 2317 provides "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."

36. Louisiana Civil Code article 2320 provides "Masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which

they are employed. In the above cases, responsibility only attaches when the masters or employers . . . might have prevented the act which caused the damage and have not done it."

37. At all times relevant herein, Defendant Woodard and JPSB were engaged in an employer-employee relationship.

38. Defendant JPSB and Superintendent Gray failed to conduct a reasonably prudent investigation of Woodard and his personal background prior to his hiring in 2022.

39. JPSB and Superintendent Grey have a duty to exercise reasonable care for the safety and wellbeing of their students and in fulfilling this duty, are obligated to conduct a thorough screening and investigation of prospective teachers before placing them in a position of tremendous authority.

40. But for the failure to properly investigate Woodard, Plaintiff S.M. would not have suffered injury and damage as a result of his illegal conduct.

41. JPSB and Superintendent Gray were also negligent and failed to exercise reasonable care in the retention and supervision of Defendant Woodard.

42. JPSB was negligent, reckless, and indifferent in the hiring of Defendant Woodard. As set forth above, JPSB and Superintendent Gray knew or should have known of Woodard's propensity for tortious conduct, including harassment, sexual harassment, and physical assault of students.

43. As a result of the actions of Woodard, JPSB, and Superintendent Gray, S.M. suffered and continues to suffer physical and mental damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

A. Declare the conduct engaged in by Defendants unlawful and violation of Plaintiffs' rights under federal and Louisiana law;

B. Award Plaintiffs compensatory damages for physical and mental anguish;

C. Enter a judgment against Defendants for such punitive damages as will punish them for the federal and state law violations perpetrated against Plaintiff as alleged herein in an amount that will serve as a deterrent to Defendants from engaging in similar conduct in the future;

D. Award Plaintiffs pre and post judgment interest at the highest rates afforded by law;

E. Award to Plaintiffs all costs and reasonable attorneys' fees incurred in connection with this action;

F. Grant Plaintiffs such additional or alternative relief as the Court deems just and proper.

Dated: May 20, 2024
New Orleans, Louisiana

Respectfully submitted,

**BUSINESS LAW GROUP, LLC**

By: */s/ Amanda Butler*
Amanda J. Butler (T.A.) (Bar No.31644)
abutler@lawgroup.biz
Megan W. Kelley (Bar No.37189)
mkelley@lawgroup.biz
900 Camp Street, Suite 450 (Physical)
New Orleans, Louisiana 70130
3436 Magazine Street, #8012 (Mailing)
New Orleans, LA 70115
Telephone: (504) 446-6506
**Counsel for Plaintiffs**