UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HASSAN AND CHADI                             CIVIL ACTION
MARROUCHE, *on behalf of their*
*minor daughter*, S.M.                       NO. 24-1206

VERSUS                                       SECTION M (2)

JEFFERSON PARISH SCHOOL
BOARD, *et al.*

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure filed by defendants the Jefferson Parish School Board (the

"JPSB"); ACE American Insurance Company, the JPSB's insurer ("ACE"); and Dr. James Gray,

individually and in his official capacity as superintendent of the JPSB school system (collectively,

the "JPSB Defendants").[1]   Plaintiffs Hassan and Chadi Marrouche, on behalf of their minor

daughter, S.M. (collectively, "Plaintiffs"), respond in opposition,[2] and the JPSB Defendants reply

in further support of their motion.[3]   Having considered the parties' memoranda, the record, and the

applicable law, the Court issues this Order & Reasons.

## I.    BACKGROUND

This case concerns claims of sexual assault in a school setting.   In August 2023, S.M.

started her junior year at Riverdale High School ("Riverdale") in Jefferson Parish, Louisiana.[4]   At

the same time, defendant Phabion Woodard started his first year teaching sociology and coaching

---

[1] R. Doc. 14.
[2] R. Doc. 25.
[3] R. Doc. 27.
[4] R. Doc. 1 at 3.   All factual allegations are taken as true from the complaint.

football at the high school.[5]  Woodard, who had no prior teaching experience nor an undergraduate degree in education, was S.M.'s sociology teacher.[6]  Plaintiffs allege that Woodard sent messages to S.M. through social media, particularly Instagram, that included "graphic and l[ewd] direct messages and photographs."[7]  They further allege that in December 2023, "Woodard called S.M. out of one of her classes and brought her alone to his classroom [where] he kissed S.M. on her mouth without consent and rubbed his clothed genital area on S.M.'s person without her consent."[8]  According to Plaintiffs, S.M. did not promptly report Woodard's conduct "out of fear and shame," but in January 2024, S.M. told her best friend, which friend in turn told her mother, who then reported the incidents to school officials.[9]  On January 29, 2024, Woodard was arrested and booked for molestation and indecent behavior with a juvenile.[10]  S.M. continues to attend Riverdale, where she allegedly struggles academically, socially, and physically and is subjected to bullying because of the incidents, which Plaintiffs say deprives S.M. of a safe learning environment.[11]

Plaintiffs allege that the JPSB and Gray "knew or should have known of Woodard's unfitness for employment in a school setting and failed to use reasonable care in the hiring process," which "resulted in a foreseeable risk of harm to students at Riverdale … and did result in harm to S.M."[12]  Plaintiffs also allege that the "JPSB knew or should have known about the sex based harassment occurring at Riverdale … and either failed to respond at all or failed to respond appropriately and adequately to the harassment."[13]  According to Plaintiffs, "[t]he sexual assault and harassment perpetuated against S.M. and by a JPSB employee was so severe, pervasive, and

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

objectively offensive that it denied S.M. equal access to the school's education program and created a hostile environment."[14]  Plaintiffs assert two causes of action: (1) a claim under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688, against all defendants, and (2) claims for negligent hiring, retention, and supervision under Louisiana state law against the JPSB Defendants.[15]  Count one (the Title IX claim) specifically alleges: (A) that "[i]n failing to properly develop and follow a hiring process involving reasonable care to prevent sexual harassment and assault, JPSB was unreasonable and its negligent and unreasonable conduct resulted in harm to and the interference with S.M.'s education," and (B) that the "JPSB and [s]uperintendent Gray knew or should have known of [d]efendant Woodard's propensity for harassment and knew or should have known of the harassment and misconduct by [d]efendant Woodard toward S.M."[16]

## II.    PENDING MOTION

The JPSB Defendants move to dismiss Plaintiffs' Title IX claim against them, arguing that Plaintiffs failed to plead sufficient facts to give rise to such a claim.[17]  Specifically, the JPSB Defendants argue that Plaintiffs failed to allege facts demonstrating that the JPSB Defendants had actual knowledge of, and an opportunity to remedy, Woodard's conduct.[18]  Gray, in his individual capacity, moves to dismiss with prejudice Plaintiffs' Title IX claim against him because Title IX does not provide for individual liability.[19]  And Gray, in his official capacity, moves to dismiss

---

[14] *Id.*

[15] *Id.* at 4-6.

[16] *Id.* at 5.

[17] R. Docs. 14 at 1-2; 14-1 at 6-11, 14.

[18] R. Doc. 14-1 at 7-11, 14.

[19] R. Docs. 14 at 1-2; 14-1 at 6, 11-12, 14.  Plaintiffs do not oppose this portion of the JPSB Defendants' motion.  *See* R. Doc. 25.  Indeed, the Supreme Court has stated that Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."  *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009).  Accordingly, Plaintiffs' Title IX claim against Gray, in his individual capacity, is DISMISSED WITH PREJUDICE.  For the same reason, to the extent the complaint alleges a Title IX claim against Woodard individually, that claim is DISMISSED WITH PREJUDICE.

Plaintiffs' Title IX claim because it is duplicative of any Title IX claim they might have against the JPSB, the entity that Gray serves.[20]  Further, the JPSB Defendants argue that this Court should, under 28 U.S.C. § 1367, decline to exercise supplemental jurisdiction over Plaintiffs' Louisiana state-law claims.[21]

In opposition, Plaintiffs acknowledge that, to state a Title IX claim, they must allege that a school district official had actual notice of, and acted with deliberate indifference to, a teacher's misconduct.[22]  Plaintiffs contend that their complaint sufficiently alleges that the JPSB knew that Woodard was unfit to work in a school because it knew about Woodard's "propensity of tortious conduct, including harassment, sexual harassment, and physical assault of students."[23]  Plaintiffs claim that they can amend the complaint to provide specificity for these allegations because they "have engaged a private investigator to discover more facts regarding Woodard's past conduct and whether such conduct was known by the JPSB at the time he was hired."[24]  According to Plaintiffs, when the JPSB recruited Woodard to teach and coach at Riverdale, the JPSB knew why Woodard abruptly left his employment with Tulane University in April 2023, which Plaintiffs say showed deliberate indifference because there was a "substantial risk that Woodard would engage in

---

[20] R. Doc. 14-1 at 12, 14.  Plaintiffs do not oppose this portion of the JPSB Defendants' motion either.  *See* R. Doc. 25.  The Supreme Court has stated that "[o]fficial-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  This principle has been applied to dismiss Title IX claims brought against school officials in their official capacities.  *See, e.g., Doe v. Prosper Indep. Sch. Dist.*, 2024 WL 1329916, at *3 (E.D. Tex. Mar. 27, 2024), *appeal docketed*, No. 24-40231 (5th Cir. Apr. 10, 2024).  Accordingly, Plaintiffs' Title IX claim against Gray, in his official capacity, is DISMISSED WITHOUT PREJUDICE as duplicative of any such claim against the JPSB.
[21] R. Docs. 14 at 2; 14-1 at 12-15.
[22] R. Doc. 25 at 3-4.  Plaintiffs also argue that, to prevail on a claim under 42 U.S.C. § 1983, they must prove that the school district actually knew of the precise instance of abuse at issue or that it had actual knowledge that there was a substantial risk that sexual abuse would occur.  *Id.* at 4.  Because Plaintiffs did not bring a § 1983 claim in their complaint, the Court will not further discuss § 1983.  *See* R. Doc. 1.
[23] R. Doc. 25 at 5.
[24] *Id.*

4

inappropriate relationships with his students."[25]  Plaintiffs also contend that discovery will "reveal the extent of [the] JPSB's actual knowledge of Woodard's past at Tulane, both as an undergraduate student and an employee, when they made the hiring decision."[26]

The JPSB Defendants reply, again urging that Plaintiffs failed to plead sufficient facts to state a Title IX claim and that the Court should refuse to exercise supplemental jurisdiction over Plaintiffs' state-law claims if the Title IX claim falls.[27]  They also point out that Plaintiffs did not oppose the motion as to the claims against Gray in his individual and official capacities.[28]

## III.    LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To

---

[25] *Id.*
[26] *Id.* at 5-6.
[27] R. Doc. 27 at 3-9.
[28] *Id.* at 1-3.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

6

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Analysis**

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving [f]ederal financial assistance." 20 U.S.C. § 1681(a). A school district can be held liable for monetary damages for a teacher's sexual harassment of a student only when a school district official has actual notice of, and is deliberately indifferent to, the teacher's misconduct. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 290-91 (1998). Stated differently, to prevail on a Title IX claim for teacher sexual misconduct, a student-plaintiff must allege and prove "that (1) a school district employee with supervisory power of the

offending teacher[29] (2) had actual notice of the harassment and (3) responded with deliberate indifference." *King v. Conroe Indep. Sch. Dist.*, 289 F. App'x 1, 3 n.3 (5th Cir. 2007). Actual knowledge does not require that the school district "knew that a particular teacher would abuse a particular student." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997). It is enough to impose liability that "the school district failed to act even though it knew that [the teacher] posed a substantial risk of harassing students in general." *Id.* Thus, "[t]he test is whether the district had either actual knowledge of the precise instance of abuse giving rise to the case at hand, or actual knowledge of substantial risk that such abuse would occur." *Doe*, 427 F. Supp. 3d at 879 (quotation omitted). Deliberate indifference means that the school district must make an intentional choice to ignore the conduct; "negligence or unreasonableness is not enough." *Id.* "School districts may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, even if the response is unsuccessful." *Id.*

Here, Plaintiffs' complaint fails to adequately state a Title IX claim. Plaintiffs allege that the JPSB Defendants had actual knowledge of Woodard's actions in January 2024, when the mother of S.M.'s friend reported Woodard to school officials. But there is no allegation that the JPSB Defendants responded with deliberate indifference. Indeed, the complaint implies otherwise by alleging that on January 29, 2024, Woodard was arrested and booked for molestation and indecent behavior with a juvenile. To attempt to salvage their Title IX claim, Plaintiffs rely on the notion that the JPSB Defendants had actual knowledge of a substantial risk that Woodard would abuse students. However, Plaintiffs' complaint is devoid of factual allegations supporting this theory, notwithstanding the formulaic and unsubstantiated assertions in Plaintiffs' opposition

---

[29] Here, it is undisputed that Gray, as superintendent, had supervisory power over Woodard. *See* R. Doc. 14-1 at 8; *see also Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 878-79 (S.D. Tex. 2019) ("An employee has supervisory power if he or she is (1) invested by the school board with the duty to supervise the employee and (2) had the power to take action that would end such abuse." (quotation omitted)).

memorandum.  Plaintiffs do not allege any facts in the complaint demonstrating how or why the JPSB Defendants knew, or should have known, that Woodard posed a substantial risk of abusing students.  There are no factual allegations about any prior charges of sexual misconduct against Woodard or that the JPSB Defendants knew of any such charges before hiring him.  Thus, as it stands, the Plaintiffs' complaint does not state a Title IX claim.[30]

### C. Supplemental Jurisdiction

The remaining claims in this matter are state-law tort claims involving nondiverse parties. Section 1367 empowers a federal district court in a civil action to exercise supplemental jurisdiction over state-law claims that are so related to an accompanying federal claim within the court's original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  In determining whether to decline to exercise supplemental jurisdiction over such state-law claims, a court should consider the four statutory factors set out in § 1367(c) – namely, (1) whether the state-law claims raise a novel or complex issue of state law, (2) whether the state-law claims substantially predominate over the claims affording original jurisdiction, (3) whether the court has dismissed all claims over which it has original jurisdiction, or (4) whether, in exceptional circumstances, there are other compelling reasons for declining jurisdiction – as well as the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive.  *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  As a general rule, a court should dismiss state-law claims when the federal claims to which they are pendent have been dismissed.  *Id.* at 161 (citing, *inter alia*, *Carnegie-Mellon*, 484 U.S. at 351, and *Parker & Parsley Petroleum Co. v.*

---

[30] Moreover, in a subsequent motion, Plaintiffs have indicated that they abandon their Title IX claims, *see* R. Doc. 32, so the Court will not now make provision for Plaintiffs to file an amended complaint to try to cure the noted pleading deficiencies.

*Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).  "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the specific circumstances of the case at bar."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Here, two of the four statutory factors apply because the only claim supporting jurisdiction – Plaintiffs' Title IX claim – has been conditionally dismissed and the surviving claims arise under Louisiana law.  28 U.S.C. § 1367(c)((2)-(3).  As for the common-law factors, because this case is in its early stages, there are no judicial economy concerns.  Also, there are no pressing concerns regarding convenience or fairness that favor this forum over the state court.  And comity weighs in favor of dismissing the state-law claims between Louisiana citizens to allow them to proceed before the Louisiana state court.  Therefore, considering the § 1367 factors and the common-law factors, as applied to this case, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the JPSB Defendants' motion to dismiss (R. Doc. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Title IX claim against the JPSB and ACE is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiffs' Title IX claim against Gray, in his individual capacity, and Plaintiffs' Title IX claim against Woodard, in his individual capacity, are DISMISSED WITH PREJUDICE because Title IX does not allow for individual liability.

IT IS FURTHER ORDERED that Plaintiffs' Title IX claim against Gray, in his official capacity, is DISMISSED WITHOUT PREJUDICE as duplicative of any such claim against the JPSB.

IT IS FURTHER ORDERED that Plaintiffs' Louisiana state-law claims against all defendants are DISMISSED WITHOUT PREJUDICE because the Court declines to exercise supplemental jurisdiction after dismissing the federal claim.

New Orleans, Louisiana, this 14th day of November, 2024.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE